1  Seyfarth Shaw LLP
   Jonathan L. Brophy (SBN 245223)
2  jbrophy@seyfarth.com
   Catherine S. Feldman (SBN 299060)
3  cfeldman@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   HOMEGOODS, INC.
7

8

9                UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12 | ELHAM ASGHARI, an Individual, | Case No. 2:22-cv-5660 |
|---|---|
| Plaintiff, | **DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| HOMEGOODS INC., a California Corporation; and DOES 1 through 25, Inclusive, | [Los Angeles Superior Court, Case No. 22STCV09763] |
| Defendants. | Complaint Filed: March 21, 2022<br>Trial Date:      None set |

DEFENDANT'S NOTICE OF REMOVAL

85252639v.1

# **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...................................................................................................1

II. TIMELINESS OF REMOVAL ............................................................................2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ..........................2

   A. Plaintiff Is A Citizen Of California ............................................................3

   B. Defendant HomeGoods Is Not A Citizen Of California ............................3

   C. Doe Defendants' Citizenship May Be Disregarded ...................................4

IV. AMOUNT IN CONTROVERSY ..........................................................................5

   A. Plaintiff's Claims Establish The Amount In Controversy ..........................6

   B. Compensatory Damages .............................................................................6

   C. Emotional Distress Damages ......................................................................8

   D. Attorneys' Fees And Costs .........................................................................9

   E. Punitive Damages .....................................................................................10

V. VENUE .................................................................................................................11

VI. NOTICE OF REMOVAL ....................................................................................11

VII. PRAYER FOR REMOVAL .................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chavez v. JP Morgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) .................................................................................5

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ......................................................................5

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) .................................................................................5

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ......................................................................... 3, 4

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) ...............................................................................4

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) ......................................................................... 5, 9

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 19922) ...............................................................................5

*Kantor v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .................................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ...............................................................................3

*Kenny v. Wal-Mart Stores, Inc.*,
  2018 WL 650998 (9th Cir. Feb. 1, 2018) ..............................................................2

*Landau v. County of Riverside*,
  2010 WL 1648442 (C.D. Cal.) ..............................................................................7

*Malone v. Potter*,
  2009 WL 999514 (C.D. Cal.) ................................................................................7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ..............................................................................................2

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  720 F.3d 1121 (9th Cir. 2013) ...............................................................................2

*Sanchez v. Monumental Life Ins.*,
  102 F.3d 398 (9th Cir. 1996) .................................................................................5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) .................................................................................3

*State Farm Mutual Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ............................................................................................. 10

*The Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010) ....................................................................................... 3, 4

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ................................................................................ 5

*Vaughn v. CNA Cas. of California*,
    2008 WL 4056256 (C.D. Cal.) ............................................................................ 7, 8

*Ward v. Cadbury Schweppes Bottling Grp.*,
    2011 WL 7447633 (C.D. Cal.) .............................................................................. 10

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
    2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ...................................... 9

*Horsford v. Board of Trs. Of Cal. State Univ.*,
    132 Cal. App. 4th 359 (2005) ................................................................................. 9

*Lane v. Hughes Aircraft Co.*,
    22 Cal. 4th 405 (2000) .......................................................................................... 10

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) .......................................................................................... 10

**Federal Statutes**

28 U.S.C. § 1332 ............................................................................................................ 1, 4

28 U.S.C. § 1332(a) ............................................................................................................ 6

28 U.S.C. § 1332(a)(1) ................................................................................................. 2, 11

28 U.S.C. § 1332(c)(1) ........................................................................................................ 3

28 U.S.C. § 1441 ................................................................................................................. 1

28 U.S.C. § 1441(a) .................................................................................................. 2, 4, 11

28 U.S.C. § 1446 ............................................................................................................. 1, 2

28 U.S.C. § 1446(b)(2)(B) .................................................................................................. 2

28 U.S.C. § 1446(d) ........................................................................................................... 11

**State Statutes**

California Government Code § 12965(b) ........................................................................... 9

Fair Employment and Housing Act ..................................................................................... 9

**Other Authorities**

*Aboulida v. GACN Inc.*,
   2013 WL 811991 (Los Angeles Sup. Ct.) .................................................................. 10

*Betson v. Rite Aid Corp.*,
   2011 WL 3606913 (L.A. County Sup. Ct.) ............................................................. 7, 8

*Cal. Dep't of Fair Employment and Hous. v. County of Riverside*,
   2003 WL 24304125 (Riverside County Sup. Ct.) ....................................................... 8

*Christle v. City of Los Angeles*,
   2007 WL 4624405 (L.A. County Sup. Ct.) ................................................................. 8

*Crawford v. DIRECTV, Inc.*,
   2010 WL 5383296 (Los Angeles County Sup. Ct.) .................................................... 9

*Denenberg v. Cal. Dep't of Transp.*,
   2006 WL 5305734 (San Diego County Sup. Ct.) ....................................................... 9

*Dodd v. Haight Brown & Bonesteel LLP*,
   2010 WL 4845803 (L.A. County Sup. Ct.) ................................................................. 7

*Elham Asghari, an Individual; Plaintiff, v. HomeGoods Inc., a California Corporation; and Does 1 through 25, Inclusive, Defendants*,
   Case No. 22STCV09763 (L.A. County Sup. Ct.) ....................................................... 1

*Ismen v. Beverly Hosp.*,
   2008 WL 4056258 (L.A. County Sup. Ct.) ................................................................. 8

*Miller v. Lockheed Martin*,
   2005 WL 4126684 (Los Angeles County Sup. Ct.) .................................................... 8

*Mnaskanian v. 21st Century Ins. Co.*,
   2006 WL 2044625 (L.A. County Sup. Ct.) ................................................................. 8

*Morales v. L.A. County Metro. Transp. Auth.*,
   2008 WL 4488427 (L.A. County Sup. Ct.) ................................................................. 7

*Palma v. Rite Aid Corp.*,
   2012 WL 3541952 (L.A. County Sup. Ct.) ................................................................. 7

*Polk v. Metro. Transp. Auth.*,
   2012 WL 864463 (L.A. County Sup. Ct.) ................................................................... 7

*Shay v. TG Construction, Inc.*,
   2002 WL 1918045 (Ventura County Sup. Ct.) ........................................................... 8

*Siglin v. Carden Whittier School, Inc.*,
   2012 WL 1798892 (L.A. County Sup. Ct.) ................................................................. 7

*Ybarra v. Dacor Holding Inc.*,
   2010 WL 2404221 (L.A. County Sup. Ct.) ................................................................. 7

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELHAM ASGHARI AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant HomeGoods, Inc. ("HomeGoods") hereby removes the above-referenced action from the California Superior Court, County of Los Angeles, pursuant to 28 U.S.C. section 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). This removal is proper for the following reasons:

## I.   BACKGROUND

1. On March 21, 2022, Plaintiff Elham Asghari ("Plaintiff") filed a complaint in the Superior Court of California for the County of Los Angeles entitled *Elham Asghari, an Individual; Plaintiff, v. HomeGoods Inc., a California Corporation; and Does 1 through 25, Inclusive, Defendants*, Case No. 22STCV09763 (the "Complaint").

2. The Complaint asserts nine causes of action against HomeGoods: (1) "Age Discrimination"; (2) "Disability Discrimination"; (3) "Failure to Accommodate Disability"; (4) "Failure to Engage in Interactive Process"; (5) "Failure to Prevent Discrimination"; (6) "Failure to Correct and Remedy Discrimination"; (7) "Wrongful Termination"; (8) "Intentional Infliction of Emotional Distress"; and (9) "Negligence (Negligent Infliction of Emotional Distress."

3. On July 12, 2022, HomeGoods' registered agent for service of process received, via process server, the Summons, the Complaint, the Civil Cover Sheet, the Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, and ADR Information Package. A true and correct copy of the packet received by HomeGoods is attached as **Exhibit A.**

4. On August 9, 2022, HomeGoods timely filed its Answer to Plaintiff's Unverified Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer filed is attached as **Exhibit B.**

5. HomeGoods has not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A** and **B** in this action prior to this Notice of Removal.  (Declaration of Catherine Feldman ("Feldman Decl."), ¶ 2.)

## II. TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 2018 WL 650998, at *4 (9th Cir. Feb. 1, 2018)("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)).  Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

7. This Notice of Removal is timely because it is filed within thirty (30) days of HomeGoods' receipt of the Summons and Complaint on July 12, 2022.  28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.")

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28

U.S.C. section 1441(a), as it is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

### A. Plaintiff Is A Citizen Of California

9. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. As alleged in the Complaint, "Plaintiff . . . resided in the County of Los Angeles, State of California, at all times relevant." (Ex. A, Compl., ¶ 1.)

10. Public records also reveal that Plaintiff resides in California. (Feldman Decl., ¶ 3; Exhibit 1.)

11. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

12. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B. Defendant HomeGoods Is Not A Citizen Of California

13. HomeGoods is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized and incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

14. The United States Supreme Court in *The Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"** ....

*The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

15. HomeGoods is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Declaration of Joan Meltzer ("Meltzer Decl."), ¶ 5.) Further, as shown below, HomeGoods principal place of business is, and has been at all times since this action commenced, located in the State of Massachusetts. (Meltzer Decl., ¶ 6.)

16. Pursuant to *Davis,* 557 F.3d at 1028 and *The Hertz Corp.*, 130 S. Ct. at 1192, HomeGoods' principal places of business is Massachusetts because its "nerve center" is located in that state. HomeGoods' corporate headquarters are located in Framingham, Massachusetts where its high level officers direct, control, and coordinate their activities. (Meltzer Decl., ¶ 6.) HomeGoods' high level corporate officers maintain offices in Framingham, Massachusetts, and many of its corporate level functions are performed in the Framingham, Massachusetts offices. (Meltzer Decl., ¶ 6.) Additionally, many of HomeGoods' executive and administrative functions, including corporate finance and accounting, are directed from the Framingham, Massachusetts offices. (Meltzer Decl., ¶ 6.)

17. Therefore, for purposes of diversity of citizenship, HomeGoods is, and has been at all times since this action commenced, a citizen of the State of Massachusetts.

**C. Doe Defendants' Citizenship May Be Disregarded**

18. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal

petition). Thus, the existence of Doe Defendants 1 through 25 does not deprive this Court of jurisdiction.

### IV. AMOUNT IN CONTROVERSY

19. While HomeGoods denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount." (internal citation omitted)).

20. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 19922).

21. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

22. Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP*

5

1  *Morgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in
2  controversy is assessed at the time of removal does not mean that the mere futurity of
3  certain classes of damages precludes them from being part of the amount in
4  controversy . . . In sum, the amount in controversy includes all relief claimed at the time
5  of removal to which the plaintiff would be entitled if she prevails.").

6      23.    Here, considered together, the general and special damages sought by
7  Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if
8  Plaintiff prevails, establish by a preponderance of the evidence that the amount in
9  controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C.
10 section 1332(a).

11     **A.**    **Plaintiff's Claims Establish The Amount In Controversy**

12     24.    Plaintiff claims in her Complaint that she "has suffered and continues to
13 suffer lost wages and benefits, and continues to suffer from severe emotional distress."
14 (Ex. A, Compl., ¶ 12.) Plaintiff further claims punitive damages, attorneys' fees,
15 interest, and costs of suit. (Ex. A, Compl., Prayer for Relief, ¶¶ 1-6.) Thus, it is more
16 likely than not that the amount in controversy exceeds $75,000.

17     **B.**    **Compensatory Damages**

18     25.    Plaintiff alleges that HomeGoods employed her until approximately
19 February 2, 2021. (Ex. A, Compl., ¶ 11.) As a result of the alleged wrongful conduct,
20 Plaintiff alleges that she "has suffered and continues to suffer . . . loss of past and future
21 earnings, and employment benefits and opportunities." (Ex. A, Compl., ¶¶ 18, 25, 38, 43,
22 48.)

23     26.    At the time of her termination, Plaintiff was a Merchandise Associate and
24 earned $15 per hour. (Declaration of W. Alex Koch ("Koch Decl."), ¶ 4.) Accordingly,
25 over the past 17 months since the separation of her employment, Plaintiff has incurred
26 approximately $40,800 in lost wages ($15/hour x 40 hours/week x 68 weeks).

27     27.    Assuming this matter goes to trial one year after this removal, in August
28 2023, and Plaintiff remains unemployed for a total of 30 months (February 2, 2021 to

August 1, 2023), Plaintiff's lost income alone would equal approximately $72,000 ($15/hour x 40 hours/week x 120 weeks), excluding the value of employee benefits and the annual bonus for which she was eligible. This amount of lost income, combined with Plaintiff's other damages, including emotional distress, attorneys' fees, and punitive damages, establishes that the amount in controversy easily exceeds $75,000.

28. Additionally, should Plaintiff prevail at trial, it is more likely than not that she would recover more than $75,000 in damages, as there have been in recent years several verdicts in disability discrimination and failure to accommodate cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,522,070 to employee who was terminated after taking medical leaves in disability discrimination action); *Siglin v. Carden Whittier School, Inc.*, 2012 WL 1798892 (L.A. County Sup. Ct.) (award of $323,985 to employee who was terminated after returning from a medical leave of absence); *Polk v. Metro. Transp. Auth.*, 2012 WL 864463 (L.A. County Sup. Ct.) (award of $250,000 to former employee where company failed to engage in interactive process); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal.) (award of $1,033,500 to employee who brought action against employer based on disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Morales v. L.A. County Metro. Transp. Auth.*, 2008 WL 4488427 (L.A. County Sup. Ct.) (award of $2,247,137 to employee terminated due to disability); *Vaughn v. CNA Cas. of California*, 2008 WL 4056256 (C.D. Cal.) (award of $850,000 to employee in disability discrimination action).

29. Plaintiff's allegations that she was discriminated against because of her alleged disability and related leave of absence are similar to the issues in the above-referenced cases. HomeGoods has attached these verdicts as **Exhibit 2** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

### C. Emotional Distress Damages

30. As noted above, Plaintiff also claims damages for emotional distress and alleges that she "has suffered and continues to suffer . . . substantial humiliation, serious mental anguish, and emotional and physical distress." (Ex. A, Compl., ¶¶ 18, 25, 31, 38, 43, 48, 58.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Cas. of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action); *Christle v. City of Los Angeles*, 2007 WL 4624405 (L.A. County Sup. Ct.) (award of $804,760 in non-economic damages in retaliation case); *Shay v. TG Construction, Inc.*, 2002 WL 1918045 (Ventura County Sup. Ct.) (jury award of $125,000 in non-economic damages to employee wrongfully terminated on basis of disability); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee denied reinstatement despite request for reasonable accommodation for disability); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee terminated after requesting accommodation for disability); *Cal. Dep't of Fair Employment and Hous. v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury awarded $300,000 for emotional distress damages in an alleged failure to accommodate and disability discrimination case).

31. Plaintiff's allegations that she was discriminated against because of her disability are similar to the issues in these cases. HomeGoods has attached these verdicts as **Exhibit 3** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

### D. Attorneys' Fees And Costs

32. Plaintiff also claims that she is entitled to attorneys' fees and costs (Ex. A, Compl., Prayer for Relief, ¶¶ 3 & 4.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the Court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. Of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

33. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's claims. *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case). HomeGoods has attached these verdicts as **Exhibit 4** to the concurrently filed Declaration of Catherine Feldman for the Court's review.

34. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. It is more likely than not that the fees in this

case will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Feldman Decl., ¶ 5.)

### E. Punitive Damages

35. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. (Ex. A, Compl., ¶¶ 19, 26, 32, 39, 44, 49, 53, 59, Prayer for Relief ¶ 2.)

36. Plaintiff's former employer is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors . . . ." (internal citations omitted). Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

37. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination cases. *See Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in a discrimination case).

38. Based upon the allegations contained in Plaintiff's Complaint, HomeGoods is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy between the parties is in excess of $75,000, this Court has

original jurisdiction of this action pursuant to 28 U.S.C. section 1332(a)(1). This action is there proper for removal to this Court.

## V. VENUE

39. This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL

40. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII. PRAYER FOR REMOVAL

41. WHEREFORE, HomeGoods prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: August 10, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Catherine S. Feldman*
Jonathan L. Brophy
Catherine S. Feldman
Attorneys for Defendant
HOMEGOODS, INC.