# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/12/2022
CT Log Number 541909224

## Service of Process Transmittal Summary

**TO:**  ADAM HAWKES
The TJX Companies, Inc.
770 COCHITUATE RD
FRAMINGHAM, MA 01701-4666

**RE:**  **Process Served in California**

**FOR:**  HomeGoods, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ELHAM ASGHARI, an Individual // To: HomeGoods, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Cover Sheet(s), Instructions, Addendum and Statement, First Amended Order, Stipulation(s), Attachment(s), Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # 22STCV09763 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/02/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/12/2022 at 12:12 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | YOLANDA A. SLAUGHTER LAW OFFICE OF YOLANDA A. SLAUGHTER 633 W. 5th Street, 26th Floor Los Angeles, CA 90071 (310) 968-4592 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2022, Expected Purge Date: 07/18/2022 |
| | Image SOP |
| | Email Notification,  ADAM HAWKES  adam_hawkes@tjx.com |
| | Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 800-448-5350 MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
07/12/2022
CT Log Number 541909224

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Tue, Jul 12, 2022
**Server Name:**                         Brandon Yadegar

| | |
|---|---|
| Entity Served | HOMEGOODS, INC. |
| Case Number | 22STCV09763 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



Electronically FILED by Superior Court of California, County of Los Angeles on 03/21/2022 01:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:22-cv-05660-RGK-AS Document 1-1 Filed 08/10/22 Page 5 of 59 Page ID #:21

**SUM-100**

# SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** HOMEGOODS INC., a California
*(AVISO AL DEMANDADO):* Corporation; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** ELHAM ASGHARI, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV09763 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yolanda A. Slaughter                    310-968-4592
633 W. 5th Street, 26th Floor
Los Angeles, CA 90071

*Sherri R. Carter Executive Officer / Clerk of Court*

| DATE: 03/21/2022 | Clerk, by _____ N. Alvarez _____ , Deputy |
|---|---|
| *(Fecha)* | *(Secretario)*                              *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):* Homegoods Inc., a California Corporation

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | *Legal Solutions Plus* | Code of Civil Procedure §§ 412.20, 465 |

Electronically FILED by Superior Court of California, County of Los Angeles on 03/21/2022 01:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:22-cv-05660-RGK-AS   Document 1-1   Filed 08/10/22   Page 6 of 59   Page ID #:22

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

YOLANDA A. SLAUGHTER (SBN 202610)
LAW OFFICE OF YOLANDA A. SLAUGHTER
633 W. 5th Street, 26th Floor
Los Angeles, CA 90071
Tel:    (310) 968-4592
E-mail: yslaughterlaw@aol.com

Attorneys for Plaintiff ELHAM ASGHARI

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ELHAM ASGHARI, an Individual; | **CASE NO.**   22STCV09763 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **AGE DISCRIMINATION;** |
| HOMEGOODS INC., a California Corporation; and DOES 1 through 25, Inclusive, | 2. **DISABILITY DISCRIMINATION;**<br>3. **FAILURE TO ACCOMMODATE DISABILITY;** |
| Defendants. | 4. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS REGARDING DISABILITY;**<br>5. **FAILURE TO PREVENT DISCRIMINATION;**<br>6. **FAILURE TO CORRECT AND REMEDY DISCRIMINATION;**<br>7. **WRONGFUL TERMINATION;**<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**<br>9. **NEGLIGENCE (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff ELHAM ASGHARI, by and through her counsel, claims and alleges as follows:

<b><u>PARTIES</u></b>

1.      Plaintiff ELHAM ASGHARI (hereinafter "Plaintiff"), a 44 year old woman, resided in the County of Los Angeles, State of California, at all times relevant.

2.      Plaintiff is informed, believes and thereupon alleges that Defendant HOMEGOODS, INC. (hereinafter "Defendant") which has its principal place of business in the County of Los Angeles, State of California, a California Corporation, doing substantial business in the County of Los Angeles, State of California and was Plaintiff's employer at all times relevant herein.

3.      Plaintiff is ignorant of the true names and capacities—whether individual, corporate, associate or other—of the Defendants sued herein under fictitious names Does 1 through 25 inclusive, and for that reason sues each of the said Defendants by such fictitious names.  Plaintiff is informed, believes and thereupon alleges that each of the Defendants, Does 1 through 25 inclusive, is and was in some manner responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein; thus, the Defendants have some legal responsibility.  When Plaintiff ascertains the names and capacities of the fictitiously named Defendants Does 1 though 25 inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

4.      Plaintiff is informed, believes and thereupon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her or its co-defendants. Moreover, in committing the acts alleged herein, each Defendant was acting within the scope of his, her or its authority as such agent, with the knowledge, permission, and consent of his, her or its co-defendants.

<b><u>GENERAL ALLEGATIONS</u></b>

5.      By this reference, Plaintiff alleges and incorporates herein each and every allegation set forth in all previous paragraphs of the Complaint.

6.      Plaintiff was hired by Defendants in or about 2018.  Plaintiff was a floor

2<br>COMPLAINT

assistant whose job duties and responsibilities included assisting store customers, stocking and re-stocking merchandise in the store, ensuring and maintaining a clean and tidy work area, assisting customers with loading purchased items, and loading and unloading goods.  Plaintiff enjoyed her job until the discriminatory and harassing events discussed below occurred.  At all relevant times, Plaintiff performed her job duties satisfactorily and competently and without incident.

9.      Throughout Plaintiff's employment with Defendants she began to develop pain to her wrists, elbows, hands and shoulders.  Plaintiff discussed this pain with Defendants, but was told that she was getting too old for the job and should quit if she could not handle the job duties and responsibilities.  Needing the job to survive, Plaintiff continued with her job duties and responsibilities and worked with pain.  In mid-July 2020, Plaintiff's doctors took her off work for 10 days due to pain and complications to her wrists, elbows, hands and shoulders.  Plaintiff's doctors advised that she perform job duties that did not require heavy lifting.  Plaintiff provided the doctor's note to Defendant.  However, the medical recommendation that Plaintiff perform duties without heavy lifting was ignored by Defendant.

10.      Plaintiff was injured on the job after lifting heavy boxes and reported the incident in mid-January 2021.  Plaintiff was forced to take a 1 week leave of absence to recover from the injury.  When Plaintiff returned from the 1 week leave of absence, she was terminated and told she was too old for the job.

11.      Despite Plaintiff's 3+ years of dedicated employment with Defendant, Plaintiff was terminated on February 2, 2021 after taking a one (1) week medical leave of absence

12.      In light of the above conduct by Defendant, Plaintiff has suffered and continues to suffer lost wages and benefits, and continues to suffer from severe emotional distress.

13.     Plaintiff timely filed a complaint of discrimination, harassment and retaliation with the California Department of Fair Employment and Housing (DFEH) and received his Right to Sue Notice.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION

1.4     Plaintiff alleges and incorporates by this reference herein each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

15.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit age discrimination in employment.

18. Defendant Homegoods, Inc.  was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was barred from discriminating or retaliating in employment decisions on the basis of age as set forth in California Government Code § 12940.   Defendant employed 5 or more employees at all times during Plaintiff's employment.

16. Defendant  Homegoods, Inc.  has discriminated against Plaintiff on the basis of age, in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

17.     The discriminatory practices as alleged in the General Allegations set forth above toward Plaintiff were approved and ratified by Defendant's management.

18.     As a result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled

to compensatory damages. The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or prove the same at the time of trial.

19.   As more fully set forth above, the age discrimination by Defendant was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

**SECOND CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**AGAINST DEFENDANT HOMEGOODS, INC.**

20. Plaintiff alleges and incorporates by this reference herein each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

21.   Plaintiff was at all times hereto an "employee" as defined by California Government Code §§ 12926(c) and 12940(h) (3) (A) and within the meaning of California Government Code §§ 12940(a) and (c), which prohibit disability discrimination in employment. Disability discrimination, within the meaning of those sections, includes harassment and failure to take all reasonable steps necessary to prevent discrimination or harassment on the basis of disability.

22.   Defendants were at all material times an "employer" as defined by California Government Code §§ 12926(d) and 12940(h)(3)(A) and within the meaning of California Government Code §§ 12940(a) and (c); as such, Defendants are barred from discriminating or retaliating in employment decisions on the basis of disability as set forth in California Government Code § 12940. Defendant employed 5 or more

employees at all time throughout Plaintiff's employment with Defendant.

23.   Defendants have discriminated against Plaintiff on the basis of disability, which, by engaging in the course of conduct more fully set forth in the General Allegations stated above, violated the California Government Code §§ 12940(a) and (c), as well as related statutes.

24.   The discriminatory practices alleged in the General Allegations set forth above towards Plaintiff were approved and ratified by Defendant HOMEGOODS, INC. and its management.

25.   As a result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress as well as (b) loss of past and future earnings, employment benefits and opportunities, all of which Plaintiff is entitled to as compensatory damages.   The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

**26.**   As more fully set forth above, the disability discrimination exerted by Defendant HOMEGOODS, INC. was done intentionally, maliciously, wantonly, oppressively and fraudulently with a conscious disregard for Plaintiff's rights, the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE DISABILITY
### AGAINST DEFENDANT HOMEGOODS, INC.

**27.**   Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

28.     Defendants HOMEGOODS, INC.  failed to take all necessary steps to offer reasonable accommodations to Plaintiff and failed to take immediate and appropriate action to provide Plaintiff with proper accommodations, thus violating California Government Code § 12940 (I), by engaging in the course of conduct set forth in the General Allegations stated above, among other things.

29.     Specifically, Defendants HOMEGOODS, INC. refused to acknowledge Plaintiff's disability by failing to provide Plaintiff with a reasonable accommodation, but instead terminating her employment.

30.     Defendants HOMEGOODS, INC. failed to take any adequate action to rectify its mistakes, including retaliatory termination, as well as to offer or provide adequate accommodations to Plaintiff, taking into consideration their express knowledge of her disabling medical conditions.

31.     As a proximate result of Defendant HOMEGOODS, INC.'s failure to accommodate Plaintiff's known disability, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages.  The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

32.     As more fully set forth above, the failure by Defendant HOMEGOODS, INC. to accommodate Plaintiff's known disability were committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff.  Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMODATION OF DISABILITY AGAINST DEFENDANT HOMEGOODS, INC.

33.   Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

34.   Plaintiff was at all times hereto an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit disability harassment/discrimination in employment.

35.   Defendants HOMEGOODS, INC.  was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§ 12940(a) and (c) and, as such, was barred from harassment/discrimination of Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

36.   At the time of Plaintiff's employment with Defendants, she suffered from a debilitating and disabling wrists, elbows, hands and shoulder condition that limited her work activities, as set forth in the General Allegations and all paragraphs stated above, among other things.

37.   Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for a reasonable accommodation, Defendants HOMEGOODS, INC.  failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations in violation of California Government Code §12940(n).

38.   As a result of Defendants' failure to engage in the interactive process of accommodation of her known disabilities, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court,

but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

39.   As more fully set forth above, Defendants' failure to engage in the interactive process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AGAINST DEFENDANT HOMEGOODS, INC.

**40.**   Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

41.   Defendants HOMEGOODS, INC.   failed to take all reasonable steps to prevent

the discrimination against Plaintiff from occurring, in violation of California Government Code § 12940(k), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, among other things.

42.   Specifically, Defendants HOMEGOODS, INC.   failed to take any meaningful

preventative action against those managers, supervisors, and employees who were enabling others to discriminate against Plaintiff.  If the Defendants have a written policy addressing the issue of disability harassment and discrimination, the policy is not enforced and is consistently disregarded.

COMPLAINT

43.     As a result of Defendants HOMEGOODS, INC. 's failure to prevent the unlawful

discrimination against Plaintiff, Plaintiff has suffered and continue to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

44.     As more fully set forth above, Defendants HOMEGOODS, INC.'S failure to prevent the unlawful discrimination and harassment was intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

**SIXTH CAUSE OF ACTION**

**FAILURE TO CORRECT AND REMEDY DISCRIMINATION AGAINST DEFENDANT HOMEGOODS, INC.**

45.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

46.     Defendants HOMEGOODS, INC.  failed to take all reasonable steps to prevent the discrimination against Plaintiff from occurring, in violation of California Government Code § 12940(k), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, among other things.

47.     Specifically, Defendants HOMEGOODS, INC.  failed to take any meaningful preventative action against those managers, supervisors, and employees who were harassing Plaintiff or enabling others to discriminate against and harass

Plaintiff. If the Defendants have a written policy addressing the issue of disability harassment and discrimination, the policy is not enforced and is consistently disregarded.

48.     As a result of Defendants HOMEGOODS, INC. 's failure to prevent the unlawful discrimination against and harassment of Plaintiff, Plaintiff has suffered and continue to suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

49.     As more fully set forth above, Defendants HOMEGOODS INC.'s failure to prevent the unlawful discrimination and harassment was intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**AGAINST DEFENDANTS**

50.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

51.     As a result of Plaintiff's age, disability/disabling work related bodily injury, Defendants wrongfully terminated her employment in violation of California Government Code § 12940 et seq. Defendants wrongfully terminated Plaintiff's employment as set forth more fully in the General Allegations above, thus violating the public

policy delineated in the California Government Code § 12940 et seq. The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

52.     As a proximate result of the aforementioned acts, Plaintiff has suffered lost wages and benefits, embarrassment, anxiety, humiliation, serious mental anguish, emotional and physical distress.  Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.  Plaintiff will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

53.     As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive and fraudulent, with a conscious disregard for Plaintiff's rights, the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT HOMEGOODS INC.

54.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

55.     Defendants engaged in age discrimination, disability discrimination, retaliation and wrongful termination against Plaintiff, as well as aided and abetted each other in engaging in illegal discrimination, thereby subjecting Plaintiff to the intentional infliction of emotional distress caused by such discrimination and harassment, which violated the California Government Code § 12940, and related statutes as set forth above in the General Allegations.

56.     Defendants HOMEGOODS, INC. failed to take immediate and appropriate remedial action to respond to Plaintiff's requests for accommodations.  Instead, Defendants retaliated against Plaintiff by unjustifiably terminating her employment, as set forth in the General Allegations.

57.     The acts of Defendants as described herein were extreme, outrageous and represent an abuse of the authority and position of each of the Defendants.   Such improper conduct was intended to cause severe emotional distress or was done with a conscious disregard for the probability of causing such distress.   Such conduct exceeded the inherent risks of employment and was not the sort of conduct suitable to a workplace.   Defendants and its employees, the individual Defendants named above, abused their positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the message that he was powerless and couldn't defend his rights.

58.     As a proximate result of the aforementioned acts, Plaintiff has suffered lost wages and lost benefits, embarrassment, anxiety, humiliation, serious mental anguish, emotional and physical distress.   Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.   Plaintiff will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

59.     As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive and fraudulent, with a conscious disregard for Plaintiff's rights, the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

**NINTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST DEFENDANT HOMEGOODS INC.**

60. Each of the above paragraphs contained in this Complaint is hereby incorporated by reference at this point as if set forth herein full at length.

61.     In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from

discrimination, and retaliation, and abused their positions of authority towards her. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

62. Defendants, and their employees and agents knew, or should have known that the above conduct would cause Plaintiff serious emotional distress. As a proximate result of Defendants negligent conduct, Plaintiff suffered and will continue to suffer lost wages and lost benefits, extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

1. For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;

2. For punitive and exemplary damages in amounts to be proven at the time of trial;

3. For reasonable attorneys' fees under California Government Code section12965(b), and all related statutes, including California Code of Civil Procedure § 1021;

4. For costs of the suit incurred herein;

5. For pre- and post-judgment interest at the prevailing statutory rates; and

6. For such other relief as the Court may deem proper.

/ / /

/ / /

/ / /

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby demands a jury trial for the causes of action set forth above.

3

4

Dated:  March 6, 2022            LAW OFFICE OF YOLANDA A. SLAUGHTER

5

6

By: *Yolanda A. Slaughter*

7

YOLANDA A. SLAUGHTER, ESQ.
Attorney for Plaintiff ELHAM ASGHARI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Yolanda A. Slaughter (SBN 202610)<br>Law Office of Yolanda A. Slaughter<br>633 W. 5th Street, 26th Floor<br>Los Angeles, CA 90071 | |

TELEPHONE NO.: 310-968-4592   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff ELHAM ASGHARI

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

CASE NAME:  Elham Asghari v. Homegoods, Inc.

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**  [ ] **Limited**<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>22STCV09763<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 6, 2022

Yolanda A. Slaughter (SBN 202610)
_____(TYPE OR PRINT NAME)_____   ▶   *Yolanda A. Slaughter*
                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**   *Legal Solutions Plus*   Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
                                          Cal. Standards of Judicial Administration, std. 3.10

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

| SHORT TITLE: Elham Asghari v. Homegoods, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal<br>Injury Property<br>Damage Wrongful<br>Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Elham Asghari v. Homegoods, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Elham Asghari v. Homegoods, Inc. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

*(Left margin row labels, top to bottom: Judicial Review; Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions)*

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Elham Asghari v. Homegoods, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☑ 9. ☐ 10. ☐ 11. | 5530 Reseda Blvd. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Tarzana | CA | 91356 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>March 6, 2022</u>

*Yolanda A. Slaughter*
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

FILED
Superior Court of California
County of Los Angeles

03/21/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. Alvarez _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
22STCV09763

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Teresa A. Beaudet | 50 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/21/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez                    , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11)  SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3         Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4         Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                

                                        KEVIN C. BRAZILE
11
                                        Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                      <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____          ➢  _____
              (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

      iii.     Be filed within two (2) court days of receipt of the Request; and

      iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(ATTORNEY FOR _____)

| Print | Save |  | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:                                                    CASE NUMBER:

## The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:  _____          _____
                                                         JUDICIAL OFFICER

| Print | | Save | | Clear |

1

2

3

4

5

6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

7      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8      **FOR THE COUNTY OF LOS ANGELES**

9

10     General Order Re                         )      ORDER PURSUANT TO CCP 1054(a),
       Use of Voluntary Efficient Litigation    )      EXTENDING TIME TO RESPOND BY
11     Stipulations                              )      30 DAYS WHEN PARTIES AGREE
                                                 )      TO EARLY ORGANIZATIONAL
12                                               )      MEETING STIPULATION
                                                 )
13     ─────────────────────────────────────────)

14          Whereas the Los Angeles Superior Court and the Executive Committee of the

15
       Litigation Section of the Los Angeles County Bar Association have cooperated in
16

17     drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18     use in general jurisdiction civil litigation in Los Angeles County;

19          Whereas the Los Angeles County Bar Association Litigation Section; the Los

20
       Angeles County Bar Association Labor and Employment Law Section; the Consumer
21

22     Attorneys Association of Los Angeles; the Association of Southern California Defense

23     Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24     Employment Lawyers Association all "endorse the goal of promoting efficiency in

25
       litigation, and ask that counsel consider using these stipulations as a voluntary way to
26

27     promote communications and procedures among counsel and with the court to fairly

28     resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

1 | by Code of Civil Procedure section 1054(a) without further need of a specific court

2 | order.

3

4 | DATED: _May 11, 2011_

5 | _____
Carolyn B. Kuhl, Supervising Judge of the

6 | Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 ### Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 08/09/2022 01:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Catherine S. Feldman (SBN 299060)
cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendant
HOMEGOODS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ELHAM ASGHARI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>HOMEGOODS INC., a California Corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 22STCV09763<br><br>*[Honorable Teresa A. Beaudet; Dept. 50]*<br><br>**DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   March 21, 2022<br>Trial Date:         None Set |

85252571v.1

Defendant Homegoods, Inc. ("Defendant"), for itself and for no other defendant, answers the unverified Complaint filed by Plaintiff Elham Asghari ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure To State A Cause Of Action - All Causes Of Action)

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute Of Limitations - All Causes Of Action)

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure Sections 335.1, 338, 339, and 340; and Government Code Sections 12940, 12960, and 12965.

## THIRD DEFENSE

### (Failure To Exhaust Administrative Remedies - All Causes Of Action)

3.      Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

## FOURTH DEFENSE

### (Laches - All Causes Of Action)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

85252571v.1

## FIFTH DEFENSE

### (Waiver - All Causes Of Action)

5.       Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE

### (Estoppel - All Causes Of Action)

6.       Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

## SEVENTH DEFENSE

### (Unclean Hands - All Causes Of Action)

7.       Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

### (Ratification - All Causes Of Action)

8.       Plaintiff's Complaint and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendant's alleged actions.

## NINTH DEFENSE

### (No Causal Connection - All Causes Of Action)

9.       Plaintiff's claims are barred, in whole or in part, including Plaintiff's claim for violation of public policy, because Plaintiff has not alleged and cannot establish any causal connection between any legally protected activity and any alleged subsequent adverse employment action.  Additionally, Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part, because any of Defendant's purported conduct was not committed because of Plaintiff's age, disability, or any other purported activities or characteristics.

## TENTH DEFENSE

### (Failure To Mitigate Damages - All Causes Of Action)

10.       Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged

3

in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

### ELEVENTH DEFENSE

### (Failure To Exercise Reasonable Preventive Corrective Opportunities - All Causes Of Action)

11.    To the extent any of Defendant's employees or agents engaged in unlawful discriminatory, retaliatory, or harassing behavior toward Plaintiff, Defendant is not liable for any such discrimination, retaliation, or harassment or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

### TWELFTH DEFENSE

### (Workers' Compensation Preemption - All Causes Of Action)

12.    Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of her alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by her employment with Defendant.

### THIRTEENTH DEFENSE

### (After-Acquired Evidence - All Causes Of Action)

13.    Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendant was unaware until after Plaintiff's separation from employment that provides independent legal cause for the changes in her employment.

**FOURTEENTH DEFENSE**

(Prompt Remedial Action - All Causes Of Action)

14.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**FIFTEENTH DEFENSE**

(Legitimate Non-Discriminatory Actions - All Causes of Action)

15.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

**SIXTEENTH DEFENSE**

(Mixed Motive - All Causes Of Action)

16.     Even if Plaintiff should prove that her alleged disability, age, or any other protected status was a substantial factor motivating the challenged employment actions, which Defendant denies; the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

**SEVENTEENTH DEFENSE**

(Award Of Punitive Damages Is Unconstitutional - All Causes Of Action)

17.     To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**EIGHTEENTH DEFENSE**

(Setoff And Recoupment - All Causes Of Action)

18.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset

5

all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

### NINETEENTH DEFENSE

### (Offset - All Causes Of Action)

19.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

### TWENTIETH DEFENSE

### (Managerial Privilege - All Causes Of Action)

20.     Any injuries Plaintiff sustained as a result of any action by Defendant is barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

### TWENTY-FIRST DEFENSE

### (Adequate Legal Remedy - All Causes Of Action)

21.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

### TWENTY-SECOND DEFENSE

### (Failure To State A Claim For Relief Sought - All Causes Of Action)

22.     Plaintiff's Complaint fails to properly state a claim for injunctive, equitable, declaratory, or other relief sought.

### TWENTY-THIRD DEFENSE

### (Avoidable Consequences - All Causes Of Action)

23.     Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant, at all relevant times, exercised reasonable care to prevent and immediately correct any harassing, discriminatory, or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-FOURTH DEFENSE**

(No Pretext For Unlawful Discrimination Or Retaliation - All Causes Of Action)

24.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff alleges unlawful discrimination and retaliation and has failed to show that Defendant's actions were a pretext for unlawful discrimination or retaliation or to mask an unlawful motive.

**TWENTY-FIFTH DEFENSE**

(No Intentional Conduct - All Causes Of Action)

25.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to allege any facts showing any intentional conduct on the part of Defendant, and therefore, fails to support any claim for discrimination, harassment, retaliation, and/or intentional infliction of emotional distress.

**TWENTY-SIXTH DEFENSE**

(Undue Hardship - All Causes Of Action)

26.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

**TWENTY-SEVENTH DEFENSE**

(Failure To Engage In An Interactive Process - All Causes Of Action)

27.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

**RESERVATION OF RIGHTS**

Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

85252571v.1

1.      That Plaintiff take nothing by her Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded their costs of suit incurred herein; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: August 9, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

    Jonathan L. Brophy
    Catherine S. Feldman
    Attorneys for Defendants
    HOMEGOODS, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

85252571v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                                   )  SS
COUNTY OF LOS ANGELES     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On August 9, 2022, I served the within document(s):

**DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on August 9, 2022. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Yolanda A. Slaughter                     ***Attorneys for Plaintiff ELHAM ASGHARI***
LAW OFFICE OF YOLANDA A.
SLAUGHTER                          Tel: (310) 968-4592
633 W. 5th Street, 26th Floor         E-mail: yslaughterlaw@aol.com
Los Angeles, CA 90071

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 9, 2022, at Los Angeles, California.

_____
Maria Torres-Masferrer

PROOF OF SERVICE

85865465v.1